# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John J. Lynch, Petitioner Below,**
**Petitioner**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0813** (Kanawha County 11-MISC-363)

**David Ballard, Warden, Mount Olive**
**Correctional Complex, Respondent Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner John J. Lynch, by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's July 25, 2013, order denying his petition for writ of habeas corpus. Respondent Warden David Ballard, by counsel Scott E. Johnson, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus because he received ineffective assistance of counsel during his prior habeas proceeding and a favorable change in the law governing a diminished capacity defense warrants a new criminal trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was convicted of first degree murder in May of 1988. The jury did not recommend mercy, and petitioner was accordingly sentenced to a term of incarceration for life, without the possibility of parole. Petitioner appealed his conviction and sentence, but this Court refused the same by order issued on November 14, 1989. In September of 1989, petitioner filed a petition for writ of habeas corpus in the circuit court, which was denied on November 18, 1994. Petitioner also filed a petition for writ of habeas corpus with this Court, which refused the same by order issued in June of 1994. Additionally, by order entered in November of 1995, the United States District Court for the Southern District of West Virginia denied petitioner's previously filed petition for writ of habeas corpus.

In August of 2002, petitioner filed a second petition for writ of habeas corpus in the circuit court. After counsel was appointed, an amended petition was filed. The circuit court held an omnibus evidentiary hearing in petitioner's habeas proceeding in July of 2004. Thereafter, the circuit court denied the petition by order entered on May 31, 2005. Petitioner appealed the denial,

1

and this Court refused the same by order entered on November 11, 2005. Petitioner then filed for a writ of certiorari before the United States Supreme Court of Appeals on the issue, and the same was denied in May of 2006. Thereafter, petitioner again sought relief in the United States District Court for the Southern District of West Virginia, and the court denied the same by order entered in February of 2008.

In November of 2009, petitioner filed a third petition for writ of habeas corpus in the circuit court, which was denied because he raised grounds that had been waived in prior habeas proceedings. Petitioner again appealed the denial to this Court, which refused the same by order entered on October 20, 2010. In August of 2011, petitioner filed a fourth petition for writ of habeas corpus in the circuit court, this time alleging ineffective assistance of prior habeas counsel. The circuit court appointed counsel and an amended petition was filed. On September 20, 2012, the circuit court held an omnibus evidentiary hearing on the petition, after which it denied relief. It is from the order denying habeas relief that petitioner now appeals.

We have previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012). Upon our review, we find that the circuit court did not err in denying the petition for writ of habeas corpus. According to petitioner, his prior habeas attorney was ineffective for the following reasons: 1) he failed to investigate petitioner's claims; 2) he failed to seek the assistance of expert witnesses; 3) he failed to present witnesses at the omnibus evidentiary hearing; and 4) he failed to argue favorable changes in the law of diminished capacity. However, the Court finds that prior counsel's performance did not rise to the level of ineffective assistance.

We have set forth the following standard of review for claims of ineffective assistance of counsel:

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). We further elaborated that

2

[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, *id.* Looking to these standards, it is clear that counsel's representation in petitioner's prior habeas proceeding was not ineffective.

First, in response to petitioner's assertion that failing to call expert witnesses at the omnibus evidentiary hearing constitutes ineffective assistance, the Court notes that petitioner has failed to cite to any case law or other factors from the proceedings below that would indicate the circuit court erred in affording prior habeas counsel's testimony more weight than petitioner's testimony. During the proceedings below, prior habeas counsel testified that he did not recall petitioner ever requesting an expert witness during the habeas proceedings, and further that such an expert witness was unnecessary. Specifically, the circuit court noted that counsel testified to his belief that an expert witness was unnecessary in light of his own belief that trial counsel should have presented evidence of petitioner's intoxication. Habeas counsel even subpoenaed trial counsel, who testified at length about his failure to present evidence of petitioner's intoxication.

We have previously held that

"[w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

Syl. Pt. 3, *State v. Frye*, 221 W.Va. 154, 650 S.E.2d 574 (2006). Based upon this holding and the record before the Court, it is clear that counsel's decision to not retain an expert witness for the omnibus hearing did not constitute ineffective assistance of counsel. As the circuit court correctly noted, counsel presented this evidence through trial counsel's testimony.

Further, petitioner argues that prior habeas counsel failed to call certain fact witnesses related to his intoxication. Again, the Court finds no error in regard to prior habeas counsel's strategy on this issue. As noted above, prior habeas counsel presented evidence that trial counsel failed to present evidence in support of petitioner's intoxication defense. It is, therefore unnecessary, to present fact witnesses in support of petitioner's actual intoxication during a collateral proceeding because the issue concerned only prior habeas counsel's failure to present this evidence. As such, we find no error in the circuit court denying petitioner relief in this regard.

Petitioner next argues that habeas counsel failed to investigate several of his claims, including (1) that his signature on the *Miranda* waiver form was forged, (2) that jurors contacted

his trial counsel after the criminal trial, (3) that witnesses were intimidated, (4) that parts of his tape-recorded statement to police were missing, and (5) that jurors talked to the victim's family and others in the courthouse during the criminal trial. Just as the circuit court ruled, the Court agrees this contention has no merit. We have held that

> [t]he fulcrum for any ineffective assistance of counsel claim is the adequacy of counsel's investigation. Although there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and judicial scrutiny of counsel's performance must be highly deferential, counsel must at a minimum conduct a reasonable investigation enabling him or her to make informed decisions about how best to represent criminal clients. Thus, the presumption is simply inappropriate if counsel's strategic decisions are made after an inadequate investigation.

Syl. Pt. 3, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

Petitioner presents no evidence or citation to the record in support of these claims, other than his own testimony. Conversely, prior habeas counsel testified that he had no evidence that petitioner's signature was forged and that if he had been presented with such evidence, he would have brought it before the circuit court. Counsel also testified that he was unaware of any jurors speaking with anyone in the courthouse, including attorneys, and that he would have presented such information to the circuit court if he had known of it. In regard to his investigation, prior habeas counsel testified that he subpoenaed trial counsel, interviewed him before the omnibus evidentiary hearing, and called him as a witness in petitioner's habeas proceeding. Because there is simply no evidence in the record to support petitioner's various assertions, it is clear that counsel conducted an adequate investigation into these issues. As such, we find that the circuit court did not err in denying petitioner relief on the ground of inadequate investigation.

The Court similarly finds no merit in petitioner's contention that prior habeas counsel failed to meaningfully discuss the *Losh* checklist with him and that this constitutes ineffective assistance of counsel.[1] Petitioner testified that prior habeas counsel forced him to sign the *Losh* checklist. However, this assertion is refuted not only by prior habeas counsel's testimony in which he stated that he reviews the checklist with his clients and explains its implications, but also by petitioner's own testimony. During petitioner's prior habeas proceeding, the circuit court made extensive inquiry on the record as to whether petitioner understood the rights he was waiving by signing the *Losh* checklist and whether prior habeas counsel reviewed the list with him. Petitioner admitted at that time that he discussed the list with counsel and approved the same. For these reasons, the Court finds no error in denying petitioner relief on this issue.

Finally, the Court finds no merit in petitioner's contention that prior habeas counsel's failure to present a favorable change in the law constitutes ineffective assistance or that this alleged favorable change warrants a new trial. Petitioner relies upon our holding in *State v.*

---

[1]The checklist of grounds typically used in habeas corpus proceedings, commonly known as "the *Losh* list," originates from *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

*Joseph*, 214 W.Va. 525, 590 S.E.2d 718 (2003), to argue that a defendant who successfully presents a diminished capacity defense is not guilty by reason of insanity. This is simply not the case. As we stated in *Joseph*, "it is important to note that, unlike the insanity defense, evidence of diminished capacity does not establish a complete defense." *State v. Joseph*, 214 W.Va. 525, 530, 590 S.E.2d 718, 723 (2003). We further elaborated that "the successful use of [the diminished capacity] defense renders the defendant not guilty of the particular crime charged, but does not preclude a conviction for a lesser included offense." *Id.* at 532, 590 S.E.2d at 725.

Looking to petitioner's trial, it is clear that application of *Joseph* would not have affected the outcome and is, thus, not a favorable change in the law under Syllabus Point 4 of *Losh*.[2] As petitioner admits, the trial court instructed the jury that if they were left with a reasonable doubt as to petitioner's ability to form the intent necessary for a first degree murder conviction due to his intoxication, then they were free to consider whether the State satisfied its burden in establishing the elements of second degree murder. As such, it is clear that even under *Joseph*, petitioner would have still be susceptible to a second degree murder conviction, though it is clear that the jury did not accept the diminished capacity defense and found that the State established the requisite elements of first degree murder. As such, petitioner is not entitled to either a successive habeas proceeding on this issue or a new criminal trial, and prior habeas counsel's performance was not deficient because of an alleged failure to address this case law with the circuit court.

For the foregoing reasons, the circuit court's July 25, 2013, order denying petitioner's petition for writ of habeas corpus is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]"A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).